IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 10-790-1 |
| | : | |
| ANTHONY JAMES DEMARCO, III | : | CIVIL NO. 14-6667 |

MEMORANDUM RE: POST CONVICTION PETITION

Baylson, J.                                                                                         October 23, 2015

      Defendant/petitioner DeMarco has filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255. Although DeMarco makes a number of claims, his most central claim arises out of his contention that he did not have enough time to review the Presentence Report prior to his sentencing, that his counsel failed to consult with him prior to the sentencing, and as a result the sentencing proceeded with a number of erroneous facts and resulted in a longer sentence than DeMarco should have received if his counsel had acted appropriately.

      Defendant pled guilty to serious mortgage fraud charges. Defendant DeMarco was among the most serious perpetrators of mortgage fraud during the banking crisis that existed in this country in during 2005 – 2010. The facts relating to DeMarco's fraud are set forth in the Indictment to which he pled guilty, his guilty plea hearing at which time he admitted his involvement in the fraud set forth in the Indictment, the government's sentencing memorandum, and the Third Circuit's opinion affirming the sentence.

      DeMarco received a sentence of 300 months, plus restitution and supervised release. At the outset, DeMarco repeats in his petition allegations which he made at the time of sentencing,

1

and on appeal, that his lawyer had failed to adequately communicate with him about the Presentence Report and to prepare for the sentencing hearing. The Court will, for purposes of dealing with *Strickland v. Washington*, 466 U.S. 668 (1984), not dispute DeMarco's allegations in this regard. As his defense counsel stated at the time of sentencing, he had familiarity with the case, believed that the Presentence Report was basically correct, and he did not see any good grounds for objections to the Presentence Report. Christopher Warren, Esquire, counsel for defendant, admitted that he did not meet with DeMarco until shortly before the sentencing hearing.

The Court ordered a lengthy recess for defendant and Mr. Warren to confer before proceeding with the sentencing hearing. Nonetheless, assuming *arguendo* that the circumstances constitute ineffective assistance, the Court must then move to the second prong of *Strickland* as to whether DeMarco was prejudiced. In this resolve, it is important to remember that the financial loss was calculated in the Presentence Report, ¶¶ 85-89, that the calculation of the loss in the Presentence Report, totaling $17,846,457.00, together with other adjustments which DeMarco does not dispute, resulted in a base offense level of 33. Because the Sentencing Guidelines require the same number of levels to be added for fraud loss between $7 million and $20 million, DeMarco could have received a lower guideline offense level calculation only if the economic loss caused by his fraud totaled less than $7 million. In other words, as long as the amount of economic loss was over $7 million, and less than $20 million, there would have been no change in the base offense level. Defendant does not ever contend the loss was under $7 million.

Of course, the amount of restitution is directly tied to the proof of loss and thus, since DeMarco indisputably owed restitution of more than $7 million, then this proof of loss would have been over $7 million.

Despite the assertion that little time was spent at the sentencing hearing on this calculation, the Court deferred the calculation of restitution pending further post-trial developments, and appointed DeMarco new counsel to represent him on this calculation. The government produced numerous documents, and whatever shortcomings had resulted from prior counsel's failure to analyze the financial data and communicate with DeMarco about it, was made up by the diligence of his new counsel. There was still no possible conclusion for restitution less than $7 million.

New counsel, also representing DeMarco under the Criminal Justice Act, wanted authorization to spend $30,000 to retain an expert to assist her in showing errors in the government's calculations of restitution.

This Court denied the application to retain the expert, which holding was specifically affirmed by the Third Circuit. The simple reasoning was that neither DeMarco or his co-defendants had any assets of any value, and certainly no assets that would total anywhere close to $7 million, and there was therefore no need to spend any money for an expert to assist defense counsel when defendant had now money to pay the amount of restitution. Although the law requires setting restitution, the amount due could never have been satisfied by any one or all of the defendants, whose liability was joint and several.

The record of this case shows that a great deal of time and effort was spent by the prosecutors, as well as defense counsel in discussing restitution, and also by the Court in a number of hearings determining restitution. But the net result is that the post-sentencing

proceedings prove without any doubt, that there was no prejudice to DeMarco from his counsel's lack of preparation, because no amount of preparation, however thorough or lengthy, would have resulted in any different guideline offense level or lower restitution amount or sentence.

The Court also notes that at the sentencing hearing, the Court accepted defendant's assertion that his criminal history was incorrect and the Court reduced the criminal history calculation.

DeMarco did not contest the victim related adjustments in ¶87 of the Presentence Report, the adjustments for his role in the offense as a leader under ¶88, and his abuse of a position of trust as calculated in ¶89. The overall guideline calculation showed a guideline range of 360 months to life, but the Court, as a result of the reduction in criminal history and other factors, imposed a sentence of 300 months, substantially less than the guideline offense level would have required, if the sentencing guidelines had been mandatory.

The Court has reviewed DeMarco's petition, and his opposition to the Commonwealth's response, constituting a reply brief, which totals some 82 pages, plus attachments.

Considering the record as a whole, defendant has not shown any prejudice whatever from the alleged short comings of his attorney at the time of his guilty plea and sentencing. The lengthy sentence of this case was driven by the amount of fraud and the calculation of the fraud loss pursuant to the Sentencing Guidelines. DeMarco's sentence was fair under the circumstances, and no lawyer, no matter how skilled or how much time such an ideal lawyer would have devoted to this case, would have achieved any different or better result.

For these reasons DeMarco's petition will be **DISMISSED** with prejudice.

There are no grounds for a certificate of appealability.

An appropriate Order follows.